# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

FILED
BILLINGS DIV.
2007 JAN 12 PM 2 55
PATRICK E. DUFFY, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| KATHY CARSON,<br><br>Plaintiff - Appellant,<br><br>V.<br><br>BILLINGS POLICE DEPARTMENT; et al.,<br><br>Defendants - Appellees. | No. 04-35438<br>D.C. No. CV-99-00130-JDS<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Montana (Billings).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Montana (Billings) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 12/07/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 0 4 2007

by: Ruben Talavera
Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KATHY CARSON,
    *Plaintiff-Appellant,*

v.

BILLINGS POLICE DEPARTMENT;
DAVID WARD; LARRY REINLASODER;
SETH WESTON; MIKE SCHEINO,
    *Defendants-Appellees.*

No. 04-35438
D.C. No.
CV-99-00130-JDS
OPINION

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted January 10, 2006*
Portland, Oregon

Filed December 7, 2006

Before: Andrew J. Kleinfeld and Susan P. Graber,
Circuit Judges, and Edward Rafeedie,** District Judge.

Opinion by Judge Kleinfeld;
Partial Concurrence and Partial Dissent by Judge Graber

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Edward Rafeedie, Senior United States District Judge for the Central District of California, sitting by designation.

19219

## SUMMARY

### Civil Litigation and Procedure/Attorneys Fees

The court of appeals affirmed a judgment of the district court. The court held that evidence establishing that the prevailing community rate is lower than the attorney's charged rate is a sufficient reason to cut the rate used in the lodestar calculation.

After a state agency's final decision was rendered ordering relief in appellant Kathy Carson's sex discrimination claim against appellee the Billings, Montana Police Department, appellant Carson filed a civil rights action in district court under 42 U.S.C. § 1983, which the parties settled except for attorneys fees. The district court initially denied attorneys fees on the ground that Carson was not a "prevailing party" in the federal case, but the court of appeals reversed and remanded for determination of an appropriate fee award. Carson's attorney sought over $122,000 in attorneys fees and costs, submitting an affidavit stating what his rate was, and demonstrating that he was an experienced and knowledgeable attorney in this area of law. He also submitted supporting affidavits from other experienced lawyers. The defense submitted a number of affidavits in opposition. The district court awarded Carson's attorney about $86,000, noting that courts in the district had been awarding plaintiffs' counsel in civil rights cases $150 per hour, and finding that this rate was reasonable given the prevailing rates in Montana. The court disallowed 21.5 of Carson's attorney's claimed hours as unreasonable, because the time was spent on an untimely motion that was filed in the wrong venue.

Carson's attorney appealed.

[1] When a party seeks an award of attorneys fees, that party bears the burden of submitting evidence of the hours

worked and the rate paid. In addition, that party has the burden to prove that the rate charged is in line with the prevailing market rate of the relevant community. [2] Carson's attorney submitted no evidence of what the prevailing market rate in Montana was. He submitted an affidavit stating what his rate was, and demonstrating that he was an experienced and knowledgeable attorney in this area of law, and affidavits from other experienced lawyers saying in substance that he was an exceptionally good lawyer who deserved the rate he charged. But none of the affidavits said that the affiants themselves or other lawyers in Montana charged as much. [3] The defense submitted a number of affidavits in opposition. [4] There was nothing in the record, or in what the district court found, to cast doubt on the reasonableness of Carson's attorney's rate. But the prevailing market rate, not the individual contract, provides the standard for lodestar calculations. The district court is supposed to use the prevailing market rate for attorneys of comparable experience, skill and reputation, which may or may not be the rate charged by the individual attorney in question.

[5] It is incumbent upon the district court to explain why it reduces plaintiff's lawyer's charged rate, and the explanation must be sufficient to allow for meaningful review. Fees under 42 U.S.C. § 1988 must be based on the market rates prevailing in the community for lawyers with reasonably comparable skill, experience, and reputation. [6] Though the district court's explanation was terse, on this record there was nothing more to explain. One side submitted evidence of the prevailing community rate, the other side did not, and the judge went with the uncontradicted evidence he had. Not a single individual said that any other lawyer charged as high an hourly rate. Evidence establishing that the prevailing community rate is lower than the attorney's charged rate is a sufficient reason to cut the rate used in the lodestar calculation.

[7] The district court may not uncritically accept the number of hours claimed by the prevailing party, but must find

that the time actually spent was reasonably necessary. The district court's reasons for disallowing 21.5 of Carson's attorney's claimed hours were sufficient, and sufficiently explained. The judgment of the district court had to be affirmed.

Judge Graber concurred in part, and dissented in part, writing that the fee question should be remanded to the district court for further findings because the district court did not provide a clear indication of how it exercised its discretion.

## COUNSEL

Timothy C. Kelly (briefed), Kelly Law Office, Emigrant, Montana, for the appellant.

Vicki L. McDonald (briefed), Moulton, Bellingham, Longo & Mather, P.C., Billings, Montana, for the appellees.

## OPINION

KLEINFELD, Circuit Judge:

This is an appeal from an attorney's fees award.

### I. Facts

The dispute arises out of a sex discrimination claim by Kathy Carson against the Billings, Montana Police department and several individuals. She prevailed, in state and federal tribunals. After a six day hearing, a state administrative law judge found in her favor, and ordered relief, which was increased on appeal. After the agency's final decision was rendered, Carson filed this 42 U.S.C. § 1983 action, which the parties settled except for attorneys' fees. The district court ini-

tially denied attorneys' fees on the ground that Carson was not a "prevailing party" in the federal case, but we reversed and remanded for determination of an appropriate fee award.[1] The case now comes back on Carson's attorney's appeal, claiming that the fee award was inadequate.

## II. Analysis

Appellant sought $122,857.12 in attorneys' fees and costs, and was awarded $85,992.94. Appellant makes two arguments, that the district court abused its discretion in calculating and explaining the hourly rate it used in the lodestar calculation, and in striking some hours as not reasonably spent on the case.

A. Lodestar

The district court calculated the disputed portion of the award at $150 per hour. Carson's attorney claimed that the lodestar should have been calculated at $205 per hour. Almost all the money in dispute is the difference between these two rates. The $205 rate was plaintiff's attorney's hourly rate as of the time the fee application was submitted, though it had been lower before. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's "determination of the amount of attorneys' fees awarded pursuant to § 1988 for an abuse of discretion."[2]

[1] When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid.[3] In addition, that party has the burden to prove that the rate charged is in line with the " 'prevailing market rate of the relevant community.' "[4] The district

---

[1]*Carson v. Billings Police Dept.*, 36 Fed.Appx. 614 (9th Cir. 2002).
[2]*Jordan v. Multnomah County*, 815 F.2d 1258, 1261 (9th Cir. 1987).
[3]*Webb v. Board of Educ.*, 471 U.S. 234, 242 (1985).
[4]*Guam Soc'y of Obstetricians & Gynecologists v. ADA*, 100 F.3d 691, 696 (9th Cir. 1996) (quoting *Davis v. City & County of S. F.*, 976 F.2d 1536, 1547 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993)).

court in its order noted that courts in the district had been awarding plaintiffs' counsel in civil rights cases $150 per hour, and found that this rate was "reasonable given the prevailing rates in Montana."

[2] Plaintiff's counsel submitted no evidence of what the "prevailing market rate" in Montana was. He submitted an affidavit stating what *his* rate was, and demonstrating that he was an experienced and knowledgeable attorney in this area of law. He also submitted affidavits from other experienced lawyers saying in substance that he was an exceptionally good lawyer who deserved the rate he charged. But none of the affidavits said that the affiants themselves or other lawyers in Montana charged as much.

[3] The defense submitted a number of affidavits in opposition. A comparably experienced plaintiff's employment rights lawyer said his rate was $140 per hour, and "I am not aware of any attorney in Montana who charges $195.00 per hour to perform such work." Another with an impressive resume and experience said "my general hourly rate for work performed in handling civil rights claims is $130.00 per hour." A defense side lawyer, with 31 years of experience and an AV Martindale-Hubbell rating, said he charged municipalities $125 per hour for civil rights claims work. Another experienced civil rights litigator, who represented both sides, said he charged $150 an hour or less to defendants, though he was "asking" $175 for "complex mediations," and based on his extensive knowledge of attorneys' fees in Montana, prevailing rates varied between $115 and $160 per hour.

[4] There is nothing in the record, or in what the district court found, to cast doubt on the reasonableness of Carson's attorney's rate. Ms. Carson was entitled to hire a lawyer who charged more than other lawyers did, and the lawyer was entitled to charge the higher rate he did. But the "prevailing market rate,"[5] not the individual contract, provides the standard

---

[5]*Dang v. Cross*, 422 F.3d 800, 812-13 (9th Cir. 2005); *Guam Soc'y of Obstetricians & Gynecologists v. ADA*, 100 F.3d 691, 696 (9th Cir. 1996)

for lodestar calculations. The standard is "prevailing market rate of the relevant community."[6] For fee-shifting purposes in this English-rule area, use of the general market rate rather than the contract rate affords some fairness, predictability and uniformity. That a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market. But there is such a thing as a high charger and low charger, and the district judge is supposed to use the prevailing market rate for attorneys of comparable experience, skill and reputation, which may or may not be the rate charged by the individual attorney in question.[7]

[5] Plaintiff's attorney argues that the explanation for cutting his rate provided by the district court is insufficient, and our dissenting colleague agrees. It is incumbent upon the district court to explain why it reduces plaintiff's lawyer's charged rate, and the explanation must be sufficient to allow for meaningful review, under *Jordan v. Multnomah County.*[8] Fees under 42 USC 1988 must be based on the market rates "prevailing in the community" for lawyers with "reasonably comparable skill, experience and reputation."[9]

[6] Though the district judge's explanation was terse, on this record there was nothing more to explain. One side submitted evidence of the prevailing community rate, the other side didn't, and the judge went with the uncontradicted evi-

---

(quoting *Davis v. City & County of S. F.*, 976 F.2d 1536, 1547 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993)); *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986).

[6]*Id.*

[7]*See, e.g., Blum v. Stenson*, 465 U.S. 886, 895-97 (1984); *Dang v. Cross*, 422 F.3d 800, 812-13 (9th Cir. 2005); *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986).

[8]*Jordan v. Multnomah County*, 815 F.2d 1258 (9th Cir. 1987).

[9]*Id.* at 1262-63 (citing *Blum v. Stenson*, 465 U.S. 886, 895-97 (1984).

dence he had. It is striking that in his own and other lawyers' several affidavits in support of plaintiff's attorney's claim, not a single individual says that any other lawyer charges as high an hourly rate, even after the defense affidavits establishing a lower community rate had been submitted. The judge went at the high end of the range that the uncontradicted evidence showed to be the community rate. Once the judge found $150 per hour to be "reasonable given the prevailing rates in Montana." there was not much else to say, given the uncontradicted record establishing that this was so. Evidence establishing that the prevailing community rate is lower than the attorney's charged rate is a sufficient reason to cut the rate used in the lodestar calculation.

We respectfully disagree with our dissenting colleague's view that *Jordan v. Multnomah County*[10] and *Sorenson v. Mink*[11] require a different result. In *Jordan*, plaintiff's attorneys "submitted evidence . . . to show that the claimed rates were in line with those prevailing in the community,"[12] so the judge's choice of a lower rate needed to be explained, but in the case at bar, they did not. Likewise, in *Sorenson*, the district court set fees at $132 per hour in the face of affidavits establishing that the plaintiffs' attorneys' rates ranging from $150 to $350 per hour were "in line with those prevailing in the community for law similar services by lawyers of reasonably comparable skill, experience and reputation."[13] We vacated because the district court "must use" the "market rate" and "did not find that $132 was the market rate."[14] In this case, the district court did indeed find, based on substantial evidence, that the $150 rate it used was the market rate.

---

[10]*Id.*

[11]*Sorenson v. Mink*, 239 F.3d 1140 (9th Cir. 2001).

[12]*Jordan*, 815 U.S. at 1263.

[13]*Sorenson*, 239 F.3d at 1149.

[14]*Id.* at 1149-50.

### B.  Deducted Hours

[7] The district court disallowed 21.5 of counsel's claimed hours as unreasonable, amounting to $3,225 at $150 per hour, and explained why. The time was spent on a motion to enforce the administrative decision before the defendants' time to seek judicial review had elapsed, and plaintiff filed it in the wrong venue. The district court may not "uncritically" accept the number of hours claimed by the prevailing party, even if actually spent on the litigation,[15] but must, in order to award fees based on them, find "that the time actually spent was reasonably necessary."[16] The district court's reasons for disallowing this small portion of the time plaintiff's attorney applied to the case were sufficient, and sufficiently explained.

**AFFIRMED.**

---

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in part and dissent in part.

I agree that the district court did not abuse its discretion in disallowing 21.5 hours. To that extent, I concur.[1]

But I dissent from the majority's conclusion that the district court sufficiently explained its determination of the hourly rate, and from its conclusion that there was no evidence of any other applicable rate. Title 42 U.S.C. § 1988 refers only

---

[15]*Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).
[16]*Id.*

[1]I concur because the district court permissibly relied on the fact that the hours in dispute were spent on a premature, and thus unnecessary, document. But the filing was not in the wrong venue, which was the district court's second reason.

to "reasonable" fees. Reasonableness means the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). However, the Supreme Court has recognized that the market rate varies greatly depending on skill, experience, and reputation; where the requested rate is in line with the rates for similar services by comparably skilled, experienced, and reputable attorneys, it "is normally deemed to be reasonable." *Id.* at 895 n.11.

The district court, in two sentences, made this conclusory comment as to how it arrived at the hourly rate of $150 per hour: in March 2003 "courts" in the district had awarded Plaintiff's counsel that amount in some other unnamed case or cases, and this rate is "reasonable given the prevailing rates in Montana." But Plaintiff's counsel had submitted six affidavits (including his own) to support the requested $195 per hour—which was counsel's actual billing rate—for civil rights litigation in Montana at the relevant time. For example, a former HUD official who worked with Mr. Kelly stated that, "based on my awareness of rates charged and services rendered by attorneys with comparable skill, experience and ability within the states covered by the HUD Rocky Mountain region, the current rate charged by Mr. Kelly is reasonable and appropriate and would be considered low in many areas given his level of expertise." Other affidavits explain that Mr. Kelly's rate is reasonable because he is more knowledgeable and efficient than other lawyers. The district court did not address any of this evidence; neither did the court explain why "Montana" in general is the relevant community, rather than the community of civil rights lawyers, or Mountain States lawyers, or particularly efficient and knowledgeable lawyers.

In *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987), we held that the district judge abused his discretion because he "made no finding on the sufficiency of the evidence" and "remain[ed] silent as to how . . . he reached the 'reasonableness' conclusion." More recently, in *Sorenson v.*

*Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001), we reversed and remanded a fee decision because "[w]e cannot determine from the district court's order whether it accepted Plaintiffs' evidence concerning the market rate or, if not, why not." Here, although we can see that the district court did not accept Plaintiff's evidence concerning the market rate, we cannot determine "why not" in a meaningful way because of the court's failure to address Plaintiff's evidence. The court did not "provide a clear indication of how it exercised its discretion." *McGrath v. County of Nev.*, 67 F.3d 248, 253 (9th Cir. 1995).

For these reasons, I respectfully dissent in part. In my view, the fee question should be remanded to the district court for further findings, as our precedent dictates.

INTERNAL USE ONLY: Proceedings include all events.
04-35438 Carson v. Billings Police, et al

| | |
|---|---|
| KATHY CARSON<br>    Plaintiff - Appellant | Timothy C. Kelly, Esq.<br>406/333-4111<br>[COR LD NTC ret]<br>P.O. Box 65<br>Emigrant, MT 59027 |

v.

| | |
|---|---|
| BILLINGS POLICE DEPARTMENT<br>    Defendant - Appellee | Harlan B. Krogh, Esq.<br>406/248-7731<br>[COR LD NTC ret]<br>Vicki L. McDonald, Esq.<br>406-248-7731<br>[COR NTC ret]<br>MOULTON, BELLINGHAM, LONGO AND MATHER, P.C.<br>P.O. Box 2559<br>Sheraton Plaza<br>Billings, MT 59103-2559 |
| DAVID WARD<br>    Defendant - Appellee | Harlan B. Krogh, Esq.<br>(See above)<br>[COR LD NTC ret]<br>Vicki L. McDonald, Esq.<br>(See above)<br>[COR NTC ret] |
| LARRY REINLASODER<br>    Defendant - Appellee | Harlan B. Krogh, Esq.<br>(See above)<br>[COR LD NTC ret]<br>Vicki L. McDonald, Esq.<br>(See above)<br>[COR NTC ret] |
| SETH WESTON<br>    Defendant - Appellee | Mark T. English, Esq.<br>406/256-2870<br>[COR LD NTC cc]<br>OFFICE OF YELLOWSTONE COUNTY ATTORNEY<br>P.O. Box 35025<br>Billings, MT 59107 |
| MIKE SCHEINO<br>    Defendant - Appellee | Mark T. English, Esq.<br>(See above)<br>[COR LD NTC cc] |